UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Stephen Dennis Long,                  Case No. 3:22-cv-503

         Petitioner

v.                                        MEMORANDUM OPINION AND ORDER

Warden Tom Watson,

         Respondent

*Pro se* Petitioner Stephen Dennis Long has filed a Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2254. (Doc. No. 1.) The filing fee in the case has now been paid.

In his Petition, Petitioner seeks to challenge, on Fourth Amendment grounds, his 2019 convictions in the Wood County Court of Common Pleas on 13 counts of pandering sexually oriented material involving a minor, one count of possessing criminal tools, and two counts of illegal use of a minor in nudity-oriented material or performance. In all of the grounds for relief set forth in his Petition, he challenges the search or his residence on Fourth Amendment grounds, contending the warrant used to search his residence lacked probable cause because it was based on a confidential citizen informant's report to police.

A district court must examine a *habeas* petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Habeas Corpus Cases; *see also* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

Upon review, I find that the Petition must be dismissed.

In *Stone v. Powell*, 428 U.S. 465, 494-95 (1976), the Supreme Court held that "where the State

has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Thus, federal habeas relief is not available to a state prisoner "who received 'the opportunity for full and fair consideration' of [his] claims in state court." *Good v. Berghuis*, 729 F.3d 636, 637-38 (6th Cir. 2013) (quoting *Stone*, 428 U.S. at 486). See also *Rooks v. Brewer*, No. 18-1224, 2018 WL 4178849, at *1 (6th Cir. May 2, 2018) (denying certificate of appealability).

Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in state court. Petitioner raised, and the Ohio state courts fully considered, his Fourth Amendment challenge. *See State v. Long*, 157 N.E.2d 362, 2020-Ohio-4090 (Ohio App. 6th Dist. Aug. 14, 2020).

Accordingly, his Petition is barred by *Stone*.

## Conclusion

Based on the foregoing, the Petition in this matter is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2243. I further certify that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge