UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Stephen Dennis Long,                          Case No. 3:22-cv-503

        Petitioner,

v.                                             ORDER

Tom Watson, Warden

        Respondent.

Petitioner Stephen Dennis Long has filed a motion for reconsideration of my opinion dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 6). He also filed a motion for leave to amend his motion for reconsideration, (Doc. No. 7), and he requests a certificate of appealability. (Doc. No. 8). I grant Long's motion for leave to amend and deny his motion for reconsideration and his renewed request for a certificate of appealability.

Motions for reconsideration under Rule 59(e) are not intended to give a party "an opportunity to relitigate matters already decided . . . [or to be] a substitute for appeal." *Turner v. City of Toledo*, 671 F. Supp. 2d 967, 969 (N.D. Ohio 2009) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007)). "'Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.'" *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)). Rule 59(e) states that a party must file a motion to alter or amend a judgment within 28 days of the entry of the judgment. Fed. R. Civ. P. 59(e). The party filing a Rule 59(e) motion must demonstrate there was "(1) a clear error of law; (2) newly

discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006).

I previously dismissed Long's petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases and 28 U.S.C. § 2243, after concluding Long had a full and fair opportunity to litigate his Fourth Amendment claim in state court. (Doc. No. 4). Long disputes this conclusion, arguing he did not receive a full and fair opportunity to litigate his Fourth Amendment claim because the trial court denied his request for an evidentiary hearing on his motion to suppress. (Doc. No. 6-2 at 2). He further argues I misapprehended the facts of his case because my decision "ignores the fact that an irrebuttable presumption was used to find that the affidavit for search warrant contained probable case." (Doc. No. 7-1 at 2).

Long's arguments are not persuasive. Under binding precedent from the Sixth Circuit Court of Appeals, "the [*Stone v.* ]*Powell*[, 428 U.S. 465, 486 (1976)] 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013). Long presented his suppression motion to the trial court and, after the trial court denied his motion, to the Sixth District Court of Appeals, which also rejected his arguments. *See State v. Long*, 157 N.E.3d 362 (Ohio Ct. App. 2020). "That suffices to preclude review of the claim through a habeas corpus petition under *Stone v. Powell*." *Good*, 729 F.3d at 640.

Nor has Long shown that the state courts violated his rights by denying his request for an evidentiary hearing. *See id.* (noting petitioner's failure to identify any "Supreme Court holding establishing that the Due Process Clause *ever* requires an evidentiary hearing on a Fourth Amendment suppression motion, let alone one establishing a hearing was required under the circumstances of his case") (emphasis in *Good*).

Further, to the extent Long might have stated a cognizable claim based upon the trial court's denial of his request for a *Franks* hearing, he failed to raise this argument on direct appeal. *See Long*, 157 N.E.3d at 368 n.1. Therefore, that claim is barred by the procedural default rule. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (holding the procedural default rule bars a federal habeas petitioner's claims if the petitioner failed to fully pursue a claim through the state's "ordinary appellate review procedures" and now no longer is able to raise the claim).

For these reasons, I deny Long's motion for reconsideration and reaffirm my certification that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge